**Maria and Robert BRADY,
Jr., Appellants**

v.

**William M. URBAS, D.P.M., Appellee.**

Superior Court of Pennsylvania.

Argued Aug. 21, 2013.

Filed Nov. 12, 2013.

---

Joseph R. Podraza, Philadelphia, for appellants.

Robert E. Dillon, Philadelphia, for appellee.

BEFORE: SHOGAN, WECHT and COLVILLE *, JJ.

OPINION BY COLVILLE, J.:

This is an appeal from a judgment entered in favor of Appellee. We vacate the judgment, reverse the order denying Appellants' post-trial motion for a new trial, and remand for a new trial.

The pertinent background underlying this matter can be summarized in the following manner. Appellants Maria Brady ("Mrs. Brady") and Robert Brady ("Mr. Brady") (collectively referred to as "Appellants") filed a complaint against Appellee William Urbas, D.P.M. ("Dr. Urbas"), wherein they made the following relevant averments.

Since 2007, Dr. Urbas was Mrs. Brady's primary podiatrist. In 2007, Dr. Urbas successfully treated a condition Mrs. Brady had with her left foot. On February 25, 2008, Mrs. Brady sought treatment from Dr. Urbas for a problem associated with the second toe of her right foot. On March 25, 2008, Dr. Urbas performed a surgery on Mrs. Brady's toe. The surgery failed to resolve Mrs. Brady's medical problem. On February 4, 2009, June 23, 2009, and January 5, 2010, Dr. Urbas performed additional surgeries on Mrs. Bra-

* Retired Senior Judge assigned to the Superior Court.

dy's toe, but the surgeries failed to resolve the problem. As a result of these surgeries, Mrs. Brady's toe is extremely shortened and causes her extreme and constant pain.

Appellants' complaint contained two counts. Mrs. Brady brought a negligence count against Dr. Urbas, and Mr. Brady brought a loss of consortium count against Dr. Urbas.

Appellants eventually filed a "Motion In Limine to Exclude Informed Consent–Related Evidence at Trial" ("the Motion"). According to the Motion, at Mrs. Brady's deposition, Dr. Urbas' counsel questioned Mrs. Brady "about the possible risks of surgery that were disclosed by Dr. Urbas and/or the contents of consent forms she signed prior to the surgeries by Dr. Urbas." The Motion, 10/09/12, at ¶ 3. Appellants contended that Dr. Urbas should not be permitted to offer at trial any evidence regarding Mrs. Brady's consent to surgery or her knowledge of risks associated with the surgeries. Appellants argued:

5. Because this case is solely based on the substandard quality of medical care Dr. Urbas provided to [Mrs. Brady], and pursues no lack of informed consent claim against Dr. Urbas, evidence of the disclosure of the possible risks of surgery Dr. Urbas may have discussed with [Mrs. Brady] is not relevant to any issue involved in this strictly professional negligence action and, therefore, should be excluded at trial.

6. In addition, because evidence of possible risks of surgery Dr. Urbas may have discussed with [Mrs. Brady] is not a defense in this professional negligence action, such evidence additionally should be excluded at trial because its probative value is plainly outweighed by the dan-

ger of unfair prejudice, confusion of the issues, or misleading the jury.

*Id.* at ¶¶ 5. and 6.

In response to the Motion, Dr. Urbas contended:

5. Denied. Evidence relating to what [Mrs. Brady] was aware of specifically regarding the surgery, including risks, alternatives and complications are relevant to the credibility of the witness and her state of mind at the time of the surgeries at issue and not solely used to prove or disprove informed consent. Moreover, [Appellants'] expert, specifically opines that there was a lack of informed consent.

Denied. Evidence regarding Dr. Urbas's discussion with [Mrs. Brady] of the risks, alternative [sic] and complications of the surgeries performed is not prejudicial. There [sic] mere fact that a surgery did not result in the desired outcome does not prove negligence, therefore, evidence that [Mrs. Brady] was aware of certain risks, including pain, swelling, reoccurrence, nerve damage and new deformity are probative as to [Mrs. Brady's] credibility.

Dr. Urbas' Response to the Motion, 10/17/12, at ¶¶ 5. and 6 (citation omitted).

The trial court denied the Motion. A jury trial eventually commenced. Throughout the trial, reference was made to Mrs. Brady's consent to surgery and her knowledge of the risks involved in her surgery, *i.e.,* evidence Appellants sought to exclude *via* the Motion. In fact, the court provided to the jury for its deliberations, *inter alia,* a copy of some of the consent forms.

The jury determined that Dr. Urbas was not negligent. Appellants timely filed post-trial motions, and later amended post-trial motions, wherein they primarily argued that they were entitled to a new trial

because the trial court abused its discretion by allowing into evidence the consent-related material. The trial court denied the post-trial motions. Appellants filed a notice of appeal, and judgment subsequently was entered.

In their brief to this Court, Appellants ask us to consider the following questions.

1. Whether the trial court abused its discretion and/or committed an error of law by permitting [Dr. Urbas] to introduce into evidence, documentation, testimony, and argument concerning informed consent in a medical negligence case, resulting in an unfair and improper verdict for [Appellants] thereby warranting a new trial?

2. Whether the trial court abused its discretion or committed an error of law by allowing evidence of informed consent at the trial of the instant negligent malpractice case and not providing a cautionary instruction to the jury (to the extent that the magnitude of the harm caused by allowing the informed consent evidence could be mitigated by a cautionary instruction (which harm [Appellants] do not believe could have been mitigated))?

Appellants' Brief at 5.

Generally speaking, Appellants challenge the trial court's decision to deny their post-trial motion for a new trial. "[W]hen reviewing the denial of a motion for new trial, we must determine if the trial court committed an abuse of discretion or error of law that controlled the outcome of the case." *Fletcher–Harlee Corp. v. Szymanski,* 936 A.2d 87, 93 (Pa.Super.2007) (citation omitted).

 Under their first issue, Appellants argue that they are entitled to a new trial because the trial court erred by allowing the jury to consider evidence regarding Mrs. Brady's consent to surgery and her knowledge of the risks involved in the surgeries. "Questions concerning the admission and exclusion of evidence are within the sound discretion of the trial court and will not be reversed on appeal absent an abuse of discretion." *General Equipment Mfrs. v. Westfield Ins. Co.,* 430 Pa.Super. 526, 635 A.2d 173, 182 (1993).

The trial court offered the following, cursory discussion in support of its decision to allow Dr. Urbas to present this evidence at trial.

> The consent forms at issue were both competent and relevant. The jury in this matter was asked to determine if the final three procedures performed on [Mrs. Brady's] 2nd toe, right foot by Dr. Urbas deviated from the standard of care of podiatric medicine. The risks and complications associated with the alleged negligent procedures and the course of treatment to alleviate those complications associated were relevant to determine if Dr. Urbas was negligent. The probative value of the consent forms listing the possible results from the procedures described therein outweighed any prejudicial impact. Moreover, as aptly and repeatedly clarified before the jury by both [Mrs. Brady] and her counsel, [Mrs. Brady] never signed a consent form which identified one of the risks as "negligent surgery." (11/08/12 N.T., p. 49–50). [Mrs. Brady] never authorized Dr. Urbas to negligently perform surgery on her.

Trial Court Opinion, 03/11/13, at 6.

Appellants contend that the trial court erred by determining that the evidence was relevant. We agree.

> Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Pa.R.E. 401. "All relevant

evidence is admissible, except as otherwise provided by law." Pa.R.E. 402. "Although relevant, evidence may be excluded if its probative value is outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Pa.R.E. 403.

*Jacobs v. Chatwani,* 922 A.2d 950, 963 (Pa.Super.2007).

In support of the argument they offer under their first issue, Appellants highlight a decision from the Supreme Court of Virginia. While such a decision obviously has no binding effect on this Court, we believe that court provided a persuasive and succinct rationale for excluding from evidence in a medical malpractice case precisely the evidence the trial court allowed the jury to consider in this matter. The court stated:

> [The plaintiff's] awareness of the general risks of surgery is not a defense available to [the defendant physician] against the claim of a deviation from the standard of care. While [the plaintiff] or any other patient may consent to risks, she does not consent to negligence. Knowledge by the trier of fact of informed consent to risk, where lack of [in]formed consent is not an issue, does not help the plaintiff prove negligence. Nor does it help the defendant show he was not negligent. In such a case, the admission of evidence concerning a plaintiff's consent could only serve to confuse the jury because the jury could conclude, contrary to the law and the evidence, that consent to the surgery was tantamount to consent to the injury which resulted from that surgery. In effect, the jury could conclude that consent amounted to a waiver, which is plainly wrong.

*Wright v. Kaye,* 267 Va. 510, 593 S.E.2d 307, 317 (2004) (citation omitted).

Mrs. Brady charged Dr. Urbas with medical malpractice. "[T]o prevail in a medical malpractice action, a plaintiff must establish a duty owed by the physician to the patient, a breach of that duty by the physician, that the breach was the proximate cause of the harm suffered, and the damages suffered were a direct result of the harm." *Toogood v. Owen J. Rogal, D.D.S., P.C.,* 573 Pa. 245, 824 A.2d 1140, 1145 (2003) (quotation marks and citation omitted).

■ Mrs. Brady's consent to her surgeries and knowledge of the risks associated with those surgeries have no tendency to make the existence of any fact of consequence to the determination of this action more or less probable than it would be without this evidence. In other words, evidence of informed consent is irrelevant in a medical malpractice case. Moreover, assuming *arguendo* that such evidence had some marginal relevance in this case, the evidence clearly could have misled or confused the jury by leading it to believe that Mrs. Brady's injuries simply were a risk of the surgeries and that she accepted such risks, regardless of whether Dr. Urbas' negligence caused the risks to occur. Evidence of Mrs. Brady's consent to her surgeries and her knowledge of the risks associated with her surgeries was inadmissible, and the trial court abused its discretion by ruling to the contrary.

We further determine that this error controlled the outcome of this case. This evidence was a central component of Dr. Urbas' defense and was referenced throughout the trial. *See, e.g.,* N.T., 11/08/12, Volume I, at 121–36 (cross-examining Mrs. Brady regarding her consent to the surgeries and knowledge of the risks of surgery). Moreover, during its deliberations, the jury asked for and received

copies of several of the consent forms. N.T., 11/09/12, at 250.

For these reasons, we ultimately conclude that the trial court erred by denying Appellants' post-trial motion for a new trial.[1] We, therefore, vacate the judgment, reverse the order denying Appellants' post-trial motion for a new trial, and remand for a new trial.

Judgment vacated. Order reversed. Case remanded for a new trial.

Judge SHOGAN concurs in the result.

---

1. This conclusion renders Appellants' second issue moot.